WILLIAM CLIFFORD WATTS, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

407 S.W.2d 678.

(*Nashville,* December Term, 1965.)

Opinion filed October 19, 1966.

W. HOWARD FORRESTER, of counsel, WADE, FORRESTER & STEWART, Pulaski, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, EDGAR P. CALHOUN, Assistant Attorney General, Nashville, for defendant in error; and SAM D. KENNEDY, District Attorney General, Columbia, prosecuted case for the State in the trial court.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Circuit Court of Giles County, Tennessee. The parties will be referred to as they appeared in that court; that is, the plaintiff in error, William Clifford Watts, as defendant, and defendant in error as the State.

The defendant was found guilty, in the General Sessions Court of Giles County, of hunting without permission, as that offense is set out in T.C.A. sec. 51-407. Defendant appealed this judgment of conviction to the Circuit Court of Giles County, Tennessee. That court also found the defendant guilty and ordered him to pay a fine of $25.00 and costs. The defendant timely filed a motion for a new trial, which was subsequently overruled.

The facts in this case are really not in dispute, for it is admitted by both sides that the dogs of the defendant

entered upon the land of one Joe Dennis White, without his permission; and that the defendant did not, without the permission of the aforementioned Mr. White, enter upon his land, personally. It is undisputed that the defendant released his dogs, for hunting, some mile and one-half to two miles from Mr. White's farm; and at a location where he had permission to hunt. The defendant's dogs were foxhounds and, at the time of their entering on Mr. White's land, were engaged in the hunting of foxes. There is some dispute in the record as to whether or not the dogs chased and/or injured some goats owned by Mr. White. However, this seems irrelevant to the disposition of this case.

The defendant makes four assignments of error in this Court. For our disposition of the case, it is unnecessary to consider these assignments of error seriatim, as there is really only one question presented on this appeal; that is, whether or not the defendant is guilty of a violation of T.C.A. sec. 51-407, by reason of his dogs having entered upon Mr. White's land while hunting foxes in the vicinity, without the actual presence of the defendant upon the land. At this point, it is appropriate to set out the pertinent part of T.C.A. sec. 51-407:

> *"Permission of owner of land to take wildlife required —Violation a misdemeanor—Penalty.*—It shall be unlawful for any person to hunt, take, chase, trap, or kill any wild animals, wild bird, wild fowl or fish, upon the land of another without having first obtained the permission or approval of the owners of the land, or of the person or persons in charge of said land, and having authority from the owner to give such permission."

Also appropriate for consideration here are the provisions of T.C.A. sec. 44-1408:

"44-1408. *Dogs not allowed at large—Exception.*—It shall be unlawful for any person to allow a dog belonging to him, or under his control, or that may be habitually found on premises occupied by him, or immediately under his control, to go upon the premises of another, or upon a highway or upon a public road or street; provided, however, that this section and sec. 44-1409 shall not apply to a dog on a hunt or chase, or on the way to or from a hunt or chase, nor to a dog guarding or driving stock, or on the way for that purpose, nor to a dog being moved from one place to another, by a person owning or controlling a dog, but the foregoing exemptions shall not apply unless all damages done by dogs therein exempted, to the person or property of another, shall be paid or tendered to the person so damaged, or to his agent, within thirty (30) days after the damage is done."

■ ■ T.C.A. sec. 51-407 makes it a crime for persons to "hunt, take, chase, trap or kill any wild animals, etc." upon the land of another without having first obtained permission; while T.C.A. sec. 44-1408 makes it unlawful for a person to allow his dog to enter upon the land of another, but with the exception contained in the statute that the entering of the dog, while hunting, is not unlawful unless the dog, or dogs, damage the property and the dog's owner fails to tender adequate compensation for the damage done within thirty (30) days. Upon consideration of these two sections, which we find to be in nowise incompatible, it seems apparent that T.C.A. sec. 51-407 requires an unpermitted entry upon the land of another by a "person" in order for its terms to be

violated. Both briefs filed in this case urge upon the Court rules of construction to be used in interpreting these two statutes, both individually and collectively. As stated above, we believe the meaning of the individual statutes to be clear and see no inconsistency as between the two statutes.

At the time of the decision in *Pratt v. Martin* (Eng.-1911) 2 King's Bench 90, the English Game Act provided, as follows:

"Section 30 * * * (I)f any person * * * shall commit any trespass by entering or being, in the daytime, upon any land in search of game, * * * such person shall on conviction thereof before a justice of the peace, forfeit any pay such sum of money, not exceeding two pounds, as to the justice shall seem meet, together with the costs of conviction. * * *: Provided that one person charged with any such trespass shall be at liberty to prove, by way of defense, any matter which would have been a defence to an action at law for such trespass. * * * "

In that case, the defendant had received permission to hunt from the owner of the property adjoining that on which his dog had located game. These properties were separated by a brook. The defendant, at all times, remained on the property on which he had been given permission to hunt. It appears in the opinion:

"(h)e waved his dog * * * into the spinney on the land of the prosecutor, Lord Huntley. The dog put up a pheasant in the spinney, which the appellant shot and killed, the bird dropping in the spinney. The dog retrieved the bird and carried across the brook to the appellant."

The English Court reached the conclusion that the defendant (person) was not criminally liable under the Game Act, and reversed his conviction; clearly stating that to support conviction it must be shown that the defendant (person), himself, invaded the premises without permission.

Since, under the facts appearing in this record, the defendant did not enter upon the land of Mr. White, personally, without his permission, there is no violation of T.C.A. sec. 51-407. The judgment of the trial court is reversed.

BURNETT, CHIEF JUSTICE, DYER and CHATTIN, JUSTICES, and WILLIAM J. HARBISON, JR., SPECIAL JUSTICE, concur.