The Honorable Jerry Hinshaw State Representative Route 4, Box 444-A Springdale, AR 72764
Dear Representative Hinshaw:
This is in response to your request for an opinion on the following question:
 If hunters turn their dogs loose on one side of posted property and the dogs roam across the posted property and are picked up on the other side of the property which is unposted, does this constitute hunting on posted land?
For the reasons that follow, it is my opinion that the resolution of this question will depend ultimately upon the facts of each particular case.
The relevant statute is A.C.A. 15-43-103 which provides:
(a) It shall be unlawful for any person to ride, range, hunt, fish, enter upon, or trespass upon the posted lands described in15-43-101 and 15-43-102.
(b) Any person violating the provisions of 15-43-101 — 15-43-103 shall be guilty of a misdemeanor and shall be punished by a fine of not less than five hundred dollars ($500) for a first offense or not less than one thousand five hundred dollars ($1500) for a second or subsequent offense.
Additionally, Act 35 of 1989 provides in section 2:
No person shall enter for recreational purposes upon real property posted pursuant to this act without written permission of the owner or lessee of the real property.
Hunting is included in the act's definition of "recreational purposes." Act 35 of 1989, 1.
There appears to be no relevant Arkansas case law interpreting these provisions as regards the entering upon posted lands by dogs only. Some guidance, however, is offered by a case from Tennessee. In Watts v. State, 219 Tenn. 188, 407 S.W.2d 678
(1966), the Tennessee Supreme Court held that the defendant was not guilty of violating a statute similar to 15-43-103 where the only entry upon the private land was by the defendant's fox hounds. The court noted that the Tennessee statute prohibited any "person" from hunting, chasing, trapping etc., on the land of another without permission. The court also noted the fact that "[i]t is undisputed that the defendant released his dogs, for hunting, some mile and one-half to two miles from Mr. White's farm." This fact was of obvious import in determining whether the defendant intended to hunt on the posted land.
It should be noted at this point that the activity you describe could constitute a civil trespass. It is not necessary for the defendant personally to enter the land for this action to lie. All that is required is that the defendant set in motion the object which eventually commits the trespass. See Western Union Telegraph Co. v. Bush, 191 Ark. 1085 (1935); and Pegg v. Gray,240 N.C. 548, 82 S.E.2d 757 (1954). It is unclear, however, whether this scenario would be sufficient to impose criminal liability upon a defendant under A.C.A. 15-43-103 or Act 35 of 1989. It is an established maxim that penal provisions are strictly construed and that "[n]othing will be taken as intended which is not clearly expressed and all doubts must be resolved in favor of the defendant." Bennett v. State, 252 Ark. 128, 477 S.W.2d 497 (1972).
With this maxim in mind, it is my opinion that assuming the facts which form the basis of your question are similar to the facts in Watts, supra (the Tennessee case), the activity you describe would not, as a general matter, constitute a violation of the statutes. It is possible, however, that some facts, i.e. facts which indicate an intent on the part of the hunter to set his dogs across the posted land, would constitute a violation of the statutes. Thus, reference must be had in each case to the particular facts at hand.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.